HIRAM MARBLE v. HENRY O. PRICE.

*Adverse possession—Exclusive occupancy—Estoppel from disputing plat after buying according thereto.*

1. Adverse possession cannot arise until there is some one to dispute the right claimed.

2. One who buys lots which his deed describes according to a recorded plat is estopped from disputing the dedication and acceptance of an alley which appears thereon as bounding his lots and passing between them; and the mere occupancy by him of the space designed for the alley, without claim or color of title, does not establish an adverse possession until the interests of some one else are affected by it, nor will it entitle him to maintain trespass against a neighboring lot-owner for driving through the alley and tearing down obstructions placed there to prevent his using it.

3. Adverse possession requires exclusive occupancy known to and against the will and consent of those who are interested and have a right to contest the possession.

Error to Bay. (Green, J.) June 5.—Sept. 23.

TRESPASS. Plaintiff brings error. Affirmed.

*Holmes & Collins* for appellant. Adverse possession on an alley long enough to bar ejectment will bar the use of the alley and an action for its obstruction: *Corwin v. Corwin* 24 Hun 147; *Baldwin v. Buffalo* 29 Barb. 396; *Ferguson v. Witsell* 5 Rich. (S. C.) 280; *Commissioners v. Taylor* 2 Bay 282: 1 Am. Dec. 647; *Alves v. Town of Henderson* 16 B. Mon. 131, 172; *Rowan v. Portland* 8 B. Mon. 232, 259; *Knight v. Heaton,* 22 Vt. 480.

*McMath & Cobb* for appellee.

SHERWOOD, J. The plaintiff brought trespass for injury to land he claimed to own, now located in Bay City, but which was platted and called in 1856 the Daglish division of Portsmouth. The ground upon which the trespass is alleged to have been committed is a strip twenty feet wide, running through block 106 from north to south, and platted as an

alley when the division was made. City lots one and two in the block lie on opposite sides of the alley.

The case was commenced in justice's court, where the defendant pleaded title, and it was certified by the justice to Bay circuit for trial. The injury complained of was the defendant's going upon and using the alley with his teams and wagon, in passing over it, and in breaking and removing obstructions from the alley between lots one and two. The defendant had judgment at the circuit, and the plaintiff brings error.

It appears from the record that, when the block was platted in 1856, it was in an open field, unfenced; that the plat was duly filed and recorded in the proper county; that block 106 contained twelve lots, and that the alley between them formed a portion of the boundary of each, six lying on each side thereof; that shortly after making the plat Daglish sold the block to Mary Ann Miller, who went into possession of the land and so continued until August, 1862, when she sold, by contract, to the plaintiff lots one, two, eleven and twelve, and in February, 1863, she executed a conveyance of the lots contracted, with warranty, describing them by their platted description, to the plaintiff; that, up to the time plaintiff took possession, the lots sold to him continued in an open pasture field, with no designation as to streets or alleys or boundaries other than appeared on record from the said plat.

It further appears that the defendant from April, 1883, until the time the suit was commenced, was the owner and occupant of lot eight in said block, and derived his title thereto from one of the earliest owners, after the plaintiff purchased his lots, and as such owner and occupant claimed the right to use the alley for the purpose of travel between lots one and two. The testimony of the plaintiff tended to show that the plaintiff, from the time he took possession, claimed there was no alley between the lots, and the land on which it was platted was his, and that he used and occupied the same as part of his property to the exclusion of others and adversely to the public, and that it had not been used as a public alley.

The defendant's testimony tended to show that parties

other than the plaintiff had bought and occupied lots in the block for fourteen years previous, and that during all of said period said persons and the public had continuously passed over and used said alley as a public alley, and there was testimony given to the effect that the plaintiff told defendant's grantors, who occupied lot nine in said block, that there was an alley there through which he could have access to his lot; also that plaintiff said he had no claim to the alley, but if he could hold it by possession he would do so.

The record discloses no deed or conveyance of the locus in quo to the plaintiff. By the description in his deed the alley is necessarily excluded, and he bases his right to bring suit upon his right acquired by possession. The question of the plaintiff's exclusive right to the use of the alley, by possession, was by the court, upon the evidence, submitted to the jury, and their verdict is against the plaintiff.

This would seem to settle the question, the plaintiff having no deed of the land upon which the alleged trespass was committed. But the plaintiff claims the judge erred in his instructions in submitting the case to the jury. No exception appears to the admission or rejection of the testimony, a part of which only is given in the record.

The court charged that the adverse possession claimed by plaintiff could not begin to run until other parties became interested in and occupied a portion of the block. This is excepted to. Under the facts as they appear in this case we think the charge is correct. The plaintiff did not claim to occupy the land at any time under title or color of title. A naked occupancy, which was not exclusive, is all that is shown, with no claim of title, not even of adverse holding, until a short time before suit was brought. Such occupancy without claim or color of title is not adverse or inconsistent with the right of the defendant and the public to the use of the land as a street or alley. After dedication and acceptance, neither of which can the plaintiff, under his deed, be heard to dispute, it requires more than such an occupancy to create adverse possession. The occupancy must be exclusive, known to and against the will and consent of those

interested, and whose right it is to contest. *Bridges v. Wyckoff* 67 N. Y. 130; *Sinclair v. Comstock* Har. Ch. 412; *Baker v. Johnston* 21 Mich. 319.

Under the testimony, as it appears on this record, it may be questionable whether sufficient was shown to warrant the court in submitting the case to the jury, because the plaintiff's right relied upon rests wholly upon adverse possession, and this cannot be established by inference, but the proof must be "clear and cogent." *Yelverton v. Steele* 40 Mich. 541; *Brandt v. Ogden* 1 Johns. 156; *Coburn v. Hollis* 3 Metc. 125. No harm, however, has been done by the submission, as the verdict is against the plaintiff. In the remaining four exceptions argued we discover no error.

The judgment must be affirmed.

The other Justices concurred.