FREEMAN B. DICKERSON ET AL. v. THE CITY OF DETROIT ET AL.

*Dedication of street—Reservation—User.*

Where a land-owner, on platting a block of land, dedicates to the public use all streets on the plat, which shows a strip 50 feet wide from off the north side of the block, divided into two strips, 20 and 30 feet wide, respectively, the south 30 feet being inscribed, "30 feet reserved for sidewalk, shrubbery, and ornamental purposes," and the city thereafter uses the entire 50 feet as a street,[1] the 30 feet becomes a portion of such street by user.[2]

Appeal from Wayne. (Reilly, J.) Submitted on briefs March 7, 1894. Decided March 27, 1894.

Bill to restrain the construction of a pavement. Complainants appeal. Decree affirmed. The facts are stated in the opinion.

*W. L. Carpenter* and *John Atkinson,* for complainants.

*John J. Speed* (*T. T. Leete, Jr.,* of counsel), for defendants.

HOOKER, J. On September 5, 1870, Hannah Stewart platted block 99 of the Cass farm in the city of Detroit, the plat being recorded the same day. The following conveyance, duly acknowledged, was written upon the plat:

"STATE OF MICHIGAN, ⎱ *ss.*
"County of Wayne. ⎰

"Know all men by these presents that I, Hannah Stew-

---

[1] Complainants conceded that the strip had been so used since 1877, while defendants claimed "a continuous user and open and undisputed possession for 15 years prior to the filing of the bill," in 1891.

[2] Upon the question of public user as acceptance of a dedicated highway, see *Railroad Co. v. Ferris,* 18 L. R. A. 510, and note.

art, of the city of Detroit, do hereby dedicate to the perpetual use of the public all the streets and alleys on the plat hereto annexed, especially reserving to myself, my heirs and assigns, the reversion thereof, whenever the same may be discontinued by law.

"In witness whereof I have hereunto set my hand and seal this 5th day of September, A. D. 1870.

"HANNAH STEWART.  [L. S.]

"Signed and sealed in the presence of—

"HENRY STACKEY.
"THOMAS JOYCE."

On the north side of the block was a strip of land 50 feet wide, the south 30 feet of which was separated from the north 20 feet by a dotted line; said 30 feet being inscribed, "Thirty feet reserved for sidewalk, shrubbery, and ornamental purposes." This strip of land was afterwards used, as it was apparently intended, as a street, and is now known as "Prentiss Avenue." On July 17, 1889, A. Cass Canfield platted block 101 of the Cass farm, lying immediately north of and separated from block 99 by Prentiss avenue. This plat appropriated a strip of land 10 feet in width contiguous to and north of said street as it then existed for the purpose of such street. In 1891 the city ordered Prentiss avenue paved for the width of 26 feet in the center of said strips, i. e., said paved section to comprise the south 16 feet in width of the 20-foot strip and the north 10 feet of the 30-foot strip platted by Stewart. The situation is shown by the diagram on page 500.

The complainants are lot owners on block 99, abutting upon said Prentiss avenue, and the bill is filed to restrain the city from constructing any portion of said pavement upon the 30-foot strip. Their counsel contend that, while such strip was dedicated for street purposes, as is evinced by its prescribed use for sidewalks, the public took only a restricted right, and that its use was limited to sidewalks,

shrubbery, and ornamental purposes, and this did not give the public a right to pass or repass upon it.

It is clear to our minds that it was the intention that the 30-foot strip should become a part of the street, and that the same should be used for sidewalks, upon which the public should have a right to pass, and which walks should be subject to municipal regulation and control. We see nothing to prevent the city from requiring a sidewalk 30 feet wide, and entirely covering said strip; nor is

*Dotted lines show projected paving 26 feet wide.*

there anything that makes it incumbent upon the city to plant or care for a shrub or tree, or place anything ornamental upon it. The most that can be claimed is the right of the land-owner to ornament it, and this certainly would be subject to the right of the city to use for sidewalks. We have little doubt that it was the expectation upon the part of Stewart that a wider street would be made when the land lying north should be platted.

There are authorities which hold that a dedication for a street, with a right reserved in the owner, is a good dedication, but that the condition or reservation, if inconsistent with the use for which the dedication is made, is void. See Elliott, Roads & S. 109, 110, and *Richards v. Cincinnati*, 31 Ohio St. 513. We think it unnecessary to dispose of the case upon that ground. In our opinion, this 30-foot strip has become a public street, without restriction, by user.

The decree of the circuit court, dismissing complainants' bill, must be affirmed, with costs.

The other Justices concurred.