OLSEN v. VILLAGE OF GRAND BEACH.

1. Adverse Possession—Dedication of Streets—Acceptance.

Since it is no longer possible in Michigan to obtain title by adverse possession against the public, owners of lots abutting streets duly offered for dedication in subdivision of which plat was recorded could not acquire rights in such streets in the absence of withdrawal of dedication or abandonment or vacation of the plat; notwithstanding there was no formal acceptance of the plat by authorities of township in which plat was located (3 Comp. Laws 1929, § 13964, subd. 3).

2. Dedication—Plats—Streets—Acceptance by User.

Owners of lots abutting some portions of streets in platted land in sand dune sections of a township held, not entitled to rights in such streets so as to estop public in use or improvement thereof where, following dedication, no formal acceptance was made by township authorities, such improvements as were made for first 15 years were installed by platter and a property owners' association, and later a road repair district cover-

ing plat and other territory was laid out, taxes assessed and some work done on portions in dispute by public authorities, public use was made of such improvements as were made, notwithstanding owners, with full knowledge of streets as laid out in the plat, did some acts claimed to have been inconsistent with public control which in large part protected their adjacent property from the shifting sand; the record disclosing an acceptance by user and insufficient to sustain finding of abandonment.

3. SAME—ACCEPTANCE BY USER AND IMPROVEMENT OF PART.
   It is not essential that every part of a highway in length or width should be worked, improved and traveled, in order to show the intent of the public to accept a dedication.

4. SAME—FORMAL ACCEPTANCE—ACCEPTANCE BY USER.
   Formal acceptance of portions of plat, dedicated to public, need not be taken, user and improvement of the street or way or any part thereof being sufficient.

5. SAME—ACCEPTANCE BY USER—SUMMER USE BY PEDESTRIANS.
   Acceptance of land dedicated for a public highway, the use of which would actually be limited to the summer time and to foot travel, is effectively shown by its use by pedestrians during the summer.

6. SAME—ACCEPTANCE—IMPROVEMENT AS REQUIRED BY PUBLIC.
   Unless the offer to dedicate is withdrawn, a street may be opened and used at the discretion of the public authorities as public necessity may require and it is not necessary to an acceptance that every street should be forthwith opened when platted.

7. SAME—OFFER DEEMED CONTINUING—ACCEPTANCE—TIME.
   The acceptance of an offer to dedicate land for public purposes must be made within a reasonable time, a period governed by the surrounding circumstances; and so long as the original proprietor or those claiming through him take no steps to withdraw the offer, it is considered as continuing.

8. HIGHWAYS AND STREETS—USER FOR 10 YEARS.
   Roads used as highways established in pursuance of existing laws for 10 years or more are deemed public highways whether any record or other proof exists that they were ever established as highways or not (1 Comp. Laws 1929, § 3936).

SHARPE and POTTER, JJ., dissenting.

Appeal from Berrien; White (Charles E.), J. Submitted July 28, 1937. (Docket No. 140, Calendar No. 39,686.) Decided December 14, 1937. Rehearing denied February 25, 1938.

Bill by George C. Olsen and wife and others against the Village of Grand Beach, Michigan, a municipal corporation, and others to restrain interference with real property. Decree for plaintiffs. Defendant Village of Grand Beach, Michigan, appeals. Reversed.

*W. M. Cunningham,* for plaintiffs.

*Rolland E. Barr,* for defendant Village of Grand Beach, Michigan.

NORTH, J. The plat of Grand Beach Springs was filed for record in the office of the register of deeds of Berrien county on July 2, 1908. It bears the following:

"Dedication

"Know all men by these presents, that the New Buffalo Land & Improvement Company, a corporation, by Floyd R. Perkins, president, and George H. Ely, secretary, has caused the lands embraced in the annexed plat, to be surveyed, laid out and platted, to be known as Grand Beach Springs, Michigan, *and that the streets and alleys as hereon shown are hereby dedicated to the use of the public.*"

This plat had been previously examined and approved by the auditor general of the State of Michigan. 1 Comp. Laws 1897, § 3372; 3 Comp. Laws 1929, § 13235. At that time the platted land was part of the township of New Buffalo. In 1934 the village of Grand Beach was incorporated and the streets involved in the instant case are now embraced within the village limits. Grand Beach

Springs plat lies to the southeast and along the shore of Lake Michigan, but does not extend to the shoreline. On the plat, Lakeview avenue runs practically parallel to Lake Michigan, and nearer the lake the plat shows another parallel street named Grand Beach boulevard. Connecting these two streets and extending southeasterly into the platted area are several streets, three of them Ely avenue, Oak avenue and Cedar avenue, being the streets involved in the instant suit. The only portions of these three streets concerned in this litigation are those portions extending northwesterly from Lakeview avenue to Grand Beach boulevard. However, appellant asserts that portions of other streets in the plat similarly situated will be affected by the outcome of the present litigation.

Following the recording of the plat many lots were sold therein. The plaintiffs in this suit purchased their lots in 1917 and 1918. Their respective properties and those of other owners are described by reference to lots and blocks of "Grand Beach Springs addition;" and each of plaintiffs' parcels is adjacent to a portion of one of the three streets involved in this litigation. Plaintiffs claim that the part of Ely avenue, Oak avenue and Cedar avenue extending northwesterly beyond Lakeview avenue was never accepted by the public, that the public has not assumed control or made use of the same; and therefore that portion of these streets as platted should be considered abandoned or vacated. Recently the village of Grand Beach undertook to improve the mentioned portions of these streets and thereupon plaintiffs filed their bill in chancery whereby they seek to have defendants, the village and village officers, "permanently enjoined from interfering with the property of the plaintiffs and

that portion of Oak avenue and Ely avenue (and by amended bill Cedar avenue) lying between Lakeview avenue and Lake Michigan as designated in the said plat of Grand Beach Springs and from excavating, grading, removing trees or shrubs, or changing that portion of Oak avenue and Ely avenue (and Cedar avenue) lying between Lakeview avenue and Lake Michigan until the further order of this court." The relief sought by plaintiffs was decreed in the circuit court, and the defendant village has appealed.

In brief it is appellant's contention that it has assumed control of these streets and has made such use of Ely avenue, Oak avenue and Cedar avenue, as well as other portions of the recorded plat, as constitutes acceptance in law; and that appellees' contention that the portion of the three streets in question have been abandoned is not sustained by the record in this case.

At the outset it should be noted that the corporation which dedicated this plat is not a party to this suit; and also that there is no testimony in this record of an attempted revocation, nor is there any evidence of formal acceptance of the plat. Appellees say that the question involved is this:

"Was the offer of dedication accepted by the public authorities within a reasonable time and before the offer was withdrawn *by plaintiffs* exercising acts of ownership in certain streets as platted?"

Inasmuch as plaintiffs were not the parties who dedicated this plat, it is not obvious what authority they would have to withdraw the dedication. Instead, unless the dedication was actually withdrawn or the plat abandoned or vacated, it appears that plaintiffs could acquire no rights in these platted

streets except on the theory of having acquired such rights by adverse possession. The possibility of their making such a claim is foreclosed by the statute. 3 Comp. Laws 1929, § 13964, subd. 3. But instead of attempting to claim title by any rights of adverse possession, appellees have sought to accomplish the same result on the theory of estoppel. In their brief they say:

"It is the contention of plaintiffs and appellees herein that the defendants and appellants are estopped from any right to open the streets in question due to the fact that the offer of dedication was never accepted by the public authorities."

As being decisive of acceptance of this plat by the public authorities we note the following facts which appear from this record: The Grand Beach Springs plat was laid out in the sand dune territory which is characteristic of this portion of the eastern shore of Lake Michigan. Whatever paving was done in the streets of this plat was paid for by those who platted the subdivision, and the paving was done before plaintiffs purchased their lots. The stub ends of Ely avenue, Oak avenue and Cedar avenue which plaintiffs claim have been abandoned extend into the sand dunes lying on the northwesterly side of Lakeview avenue, which is a paved street. Also Ely avenue and Oak avenue on the opposite side of Lakeview avenue from the stub ends are paved. For something like 15 years the local affairs of this subdivision were controlled by an organization known as the property owners' association. At least to some extent this association supervised and financed local care and improvements. In this line of activity it caused cement walks about five feet in width to be constructed down the center line of each of these

three stub streets so that access might be had to the property lying to the northwest between the plat and the shore of Lake Michigan. At least in the stub end of Ely avenue there was a board walk at the time plaintiff McGurren purchased and one was constructed early in Oak avenue. While appellees assert that these walks were solely for the convenience of property owners in the subdivision, we are satisfied from the record that public use was made of these walks and of these stub ends of the respective streets. Obviously because of the nature of the land it was practically impossible to use these portions of these streets for vehicular purposes; but the remaining portion of the plat, so far as the streets are concerned, seems to have been developed in a normal manner, even to the extent of paving the major portion of Ely avenue and Oak avenue as well as the intersecting street to which these stub ends are contiguous.

As indicative of the public intent to supervise, control and improve the streets in this addition, in 1931, (three years before the village of Grand Beach was incorporated), the township of New Buffalo created the Grand Beach road repair district, which included the addition in which these streets are located. Taxes were spread upon this district, work done and the funds expended. While there is testimony of only a limited amount of work having been done on the stub ends of these streets, it is of some significance that the streets of this plat as recorded are within the Grand Beach road repair district as laid out.

In behalf of appellees there is testimony which shows that within the boundary lines of these stub streets they have done certain things which they assert are inconsistent with public control. They

have set out trees, shrubs, seeded or sodded certain portions of these street ends, constructed steps from the dwellings which extend to some extent in the street area, one of plaintiffs buried an oil tank in the street, and other activities of somewhat similar character are shown. Notwithstanding this, to the extent hereinbefore indicated, each of these streets has been used by the public, certainly by that portion of the public composed of the numerous property owners in this subdivision and village in which there are 150 to 175 houses, as well as by their tenants. It is significant that none of these plaintiffs claim title to the land within the street boundaries, except possibly Mr. McGurren. The original platter is not making such a claim. Instead plaintiffs' contention is that because of its inactivity the public has forfeited its right to the portion of each of the three streets above noted, and that defendant is estopped from now asserting street rights because of what plaintiffs have done under the apparent assumption that they had the right to take over, use and improve the area within the street lines.

We are constrained to disagree with the conclusion of the circuit judge which sustained plaintiffs' position. From the time plaintiffs purchased their respective properties they had full knowledge of these streets as laid out on the plat. We are satisfied that most, if not all, of their activities in the streets were for the sole purpose of protecting their adjacent property from the shifting sands. Having acted with full knowledge there is no sound reason for claiming estoppel. Instead this record discloses a dedication of the plat and acceptance by use and control. There is no testimony sufficient to sustain the conclusion that any rights in the dedicated streets were abandoned. Instead the major portion

of the streets in suit were improved by the dedicator of the plat, and such street improvements were turned over to the public when the plat was dedicated. Over a period of years the public authorities have exercised control and expended money in the care of these streets, to some extent including the stub ends which plaintiffs claim were abandoned. There is abundant authority to justify the conclusion that such activities on the part of the public were an acceptance of the plat.

"It is not essential that every part of a highway should be worked in order to evidence the intention of the public authorities to accept and maintain the entire highway." *Neal* v. *Gilmore,* 141 Mich. 519, 527.

"It is not essential that every part of a highway in length or width should be worked, improved and traveled, in order to show the intent of the public to accept a dedication. * * *

"It is not necessary that any formal action be taken by the city or municipality; user and improving the street or way or any part thereof are sufficient." *Crosby* v. *City of Greenville* (syllabi), 183 Mich. 452.

"The acceptance of land for a public highway, the use of which would actually be limited to the summer time and to foot travel, is effectively shown by its use by pedestrians during the summer." 18 C. J. p. 79 (citing *Phillips* v. *City of Stamford,* 81 Conn. 408 [71 Atl. 361, 22 L. R. A. (N. S.) 1114]).

"So far as the public are concerned, unless the offer to dedicate is withdrawn, the street may be opened and used at the discretion of the public authorities, as public necessity may require, and it is not necessary to an acceptance that every street

should be forthwith opened when platted.'' *Village of Augusta* v. *Tyner,* 197 Ill. 242 (64 N. E. 378).

''There is no doubt but that an acceptance must be made within a reasonable time, but what shall be considered such time must be largely governed by the surrounding circumstances in each case.    And so long as the original proprietor, or those claiming through him, take no steps to withdraw the offer, we think it must be considered as continuing.'' *White* v. *Smith,* 37 Mich. 291.

In addition to the foregoing authorities it is provided by statute in this State that:

''All highways regularly established in pursuance of existing laws, all roads that shall have been used as such for ten years or more, whether any record or other proof exists that they were ever established as highways or not * * * shall be deemed public highways,'' 1 Comp. Laws 1929, § 3936.

The decree entered in the circuit court must be reversed, and one entered in this court dismissing plaintiffs' bill of complaint, with costs of both courts.

FEAD, C. J., and WIEST, BUTZEL, BUSHNELL, and CHANDLER, JJ., concurred with NORTH, J.

SHARPE, J. (*dissenting*).    Plaintiffs filed a bill of complaint for the purpose of restraining the defendants from opening up a portion of certain streets in Grand Beach Springs Addition which is located on the shores of Lake Michigan.

The plat was dedicated in 1908 and the land was then located in New Buffalo township.    It shows a street called Lakeview avenue which runs nearly parallel to the lake and is intersected by streets

called Oak, Cedar and Ely which run down to the beach. At the time the property was platted, this dune land was undeveloped and covered with small native shrubs and trees. Later Lakeview avenue was laid out and the road surfaced. Plaintiffs Olsen, Stewart and McGurren bought lots and built valuable homes on Oak and Ely streets between Lakeview avenue and the beach. These streets were not developed into roads, the brush and trees were left growing, but a plank or board walk had been laid in the center of each street from Lakeview avenue to the shores of Lake Michigan.

For several years, plaintiffs used this property between their own and the walk as their own. Plaintiff McGurren buried oil tanks in the street, put in a hedge across the end of the street, and planted shrubs and sodded the street adjacent to his property; Stewart built the steps of his house in the street and planted grass and shrubs in the street; and Olsen used the street in a similar manner.

About 1920, the owners of property in Grand Beach Springs formed a voluntary association known as the Grand Beach Property Owners' Association. The property owners paid fees and the association maintained a life guard, a night watchman, provided fire protection, paid for the building of concrete walks five feet wide in Oak and Ely streets from Lakeview avenue to the bluff of Lake Michigan, and steps down to the beach, trimmed the shrubs along these walks, and put in benches on the platforms on the bluff. These walks have always been used by the public, but no portion of the streets abutting plaintiffs' property was ever used by automobiles, teams or wagons except for cleaning the sidewalk of leaves and brush.

In 1931, the township of New Buffalo created the Grand Beach road repair district, which included the

village of Grand Beach and property in dispute; taxes were spread and road work was done in the district, although the record shows that the only work done on the portion of the streets involved in this litigation was removing sand from the sidewalks.

The trial court found as a fact that none of the streets have been used or permitted to be used by the public generally; that there had been no formal acceptance of the streets by the public authorities and concluded as a matter of law that the action of the township board in creating a road district in 1931 was not an acceptance by public authorities of the streets as public highways; and that if it be considered as an intention to accept, it did not occur within a reasonable time after the dedication (1908).

It is the claim of defendant that the streets had been used by the public and that the acceptance of the plat as a road district by the township of New Buffalo in 1931 did occur within a reasonable time after dedication.

In this cause, although the record contains no testimony on behalf of plaintiff Bagley, it is conceded by appellant that if the other plaintiffs' contention is correct it would affect all streets in the village, consequently no point is made of this fact. The plat was dedicated in 1908; streets were dedicated to the public and plaintiffs as well as others purchased their property by lot number. At the time the lots were purchased the streets were unimproved and remained so for a period of five or six years. The homes of plaintiffs are in the last row of houses facing Lake Michigan and the chief use of the streets would be for passage to and from the lake. Certain personal uses were made of the streets by the lot owners, but this use did not interfere with the use made by the public generally. The streets are three

of the five existing openings from the village to the waters of Lake Michigan.

Section 3936, 1 Comp. Laws 1929, provides:

"All highways regularly established in pursuance of existing laws, all roads that shall have been used as such for ten years or more, whether any record or other proof exists that they were ever established as highways or not * * * shall be deemed public highways."

See, also, *Brown* v. *Township of Byron*, 189 Mich. 584.

Use alone does not constitute a public highway.

In *Snow* v. *Murphy*, 248 Mich. 659, we said:

"The public has used this road for a longer time than would be required to establish a way by user, but use alone is not sufficient. There must be an acceptance by the public at least by taking over the control and maintenance of some portion of the alleged highway."

See, also, *Stickley* v. *Township of Sodus*, 131 Mich. 510, cited in the above case and also reported in 59 L. R. A. 287 and *Waubun Beach Ass'n* v. *Wilson*, 274 Mich. 598 (103 A. L. R. 983).

In the instant case there is no claim made that the plat was accepted by any formal action of the township authorities until 1931 nor did said officials take charge of or maintain such streets until 1931.

The mere making sale of lots with reference to a map or plat prepared or adopted by the owner does not constitute an irrevocable dedication to the public, but amounts to a mere offer of dedication which may be withdrawn if not accepted by the public within a reasonable time; but the platting and sale of lots constitute a dedication of streets, *etc.*, delineated on the plat as between the grantors and purchasers for them. *Pulcifer* v. *Bishop*, 246 Mich.

579. The facts and circumstances relied upon to prove the existence of an intent on the part of a dedicator and acceptance by the public must be of a positive and unequivocal character. *Vance* v. *Village of Pewamo,* 161 Mich. 528.

This brings us to the question of the reasonableness of time in which the plat was accepted by the public authorities. The general rule is that an offer of dedication must be accepted within a reasonable time.

In the *County of Wayne* v. *Miller,* 31 Mich. 447, the dedication by plat was an offer which for more than 20 years the public neglected to accept. The court said:

"After what length of time such an offer must be regarded as withdrawn, circumstances may perhaps determine, but unless there are facts equivalent to a continuous renewal of the offer it cannot be considered open after a lapse of a period of time sufficient to bar all actions for the recovery of lands under the statute of limitations."

In *Village of Grandville* v. *Jenison,* 84 Mich. 54, the public failed for 20 years to accept an offer by land owners to dedicate land for a street and for 14 years it was occupied by the owner of the adjoining property in such a way as to indicate a denial of any right of the public therein. This court held the acceptance was not within a reasonable time, citing *County of Wayne* v. *Miller, supra* and *Field* v. *Village of Manchester,* 32 Mich. 279.

In our opinion the acceptance of the offer of dedication came too late. The plat was dedicated in 1908. In 1917 plaintiffs purchased their lots and soon thereafter erected dwellings, planted trees and shrubs, spent large sums of money in improving the streets abutting upon their property. For a time

they kept the outside gate locked to keep the general public out and issued membership cards and ordered people off the premises. All of the above acts were done with the knowledge of defendant and indicate a withdrawal of the offer of dedication prior to 1931.

The decree of the lower court should be affirmed, with costs to plaintiffs.

POTTER, J., concurred with SHARPE, J.