HOOKER *v.* CITY OF GROSSE POINTE.

1. MUNICIPAL CORPORATIONS—PLATS—STATUTES.
   Platting is statutory (CL 1948, § 560.1 *et seq.*).

2. DEDICATION—PLATS—INCONSISTENT CONDITION OR RESERVATION.
   A dedication of land in a plat for a street with a condition or reservation that is inconsistent with the use for which the dedication is made, is good as a dedication, the inconsistent portion being void.

3. SAME—STREETS—PRIVATE WAY—PLATS.
   Dedication of land in a plat for use as a street is valid as a dedication of the land for public use, notwithstanding the words "private way" appear thereon, since use of the land for a private way is inconsistent (CL 1948, § 560.1 *et seq.*).

4. SAME—STREETS—ACCEPTANCE.
   The offer to dedicate land contained in a plat for street purposes may be accepted informally by the public through user or expenditures of public money for the repair, improvement and control of the highway (CL 1948, § 560.1 *et seq.*).

5. SAME—STREETS—ACCEPTANCE—WORKING OF PART OF HIGHWAY.
   It is not essential that every part of a highway should be worked in order to evidence the intention of the public authorities to accept and maintain the entire highway dedicated on a plat for use of the public (CL 1948, § 560.1 *et seq.*).

6. SAME—STREETS—ACCEPTANCE BY USER AND EXPENDITURE OF PUBLIC FUNDS.
   Evidence supported trial court's finding of fact in suit to quiet title to lots in a subdivision that an acceptance of all of the westerly half of street as platted in third plat of land involved had been accepted by the public through use and expenditure of public money for paving and improving a portion thereof (CL 1897, § 3373).

REFERENCES FOR POINTS IN HEADNOTES
[2, 3] 16 Am Jur, Dedication, § 25.
[4–6] 16 Am Jur, Dedication, § 34 *et seq.*

Appeal from Wayne; O'Hara (Chester P.), J. Submitted June 15, 1950. (Docket No. 74, Calendar No. 44,812.) Decided October 2, 1950.

Bill by Lloyd G. Hooker and wife against City of Grosse Pointe to quiet title to certain real estate. From decree entered quieting title to certain parcels, both parties appeal. Modified and affirmed.

*Goddard, McClintock & Johnson,* for plaintiffs.

*Beaumont, Smith & Harris,* for defendant.

Sharpe, J. On April 19, 1948, plaintiffs filed a bill of complaint in the circuit court of Wayne county to quiet title to lots Nos 15, 16 and 17 Lakeland Subdivision of westerly 204 feet of private claim 586, south of Jefferson avenue, Grosse Pointe, Wayne county, Michigan, as shown on the accompanying map, exhibit 2.

Under the present status of the cause the property involved is a small triangular parcel of land adjacent to the southeasterly corner of lot No 16 and a triangular parcel of land adjacent to the easterly portion of lot No 17 as well as a parcel of land beginning at the southeast corner of lot No 17; thence easterly along the southerly line of lot 17 extended, 54.08 feet; thence southerly along the easterly line of lots 1 to 16 extended of said Lakeland Subdivision, 60.77 feet to a concrete breakwater; thence westerly along said breakwater 54.20 feet; thence northerly 62.35 feet to the point of beginning.

In 1889, a subdivision plat was recorded. The plat covered property both north and south of Jefferson avenue including the disputed property. The plat contained strips 100.10 feet wide running through the middle of the plat. See exhibit 3. The dedica-

tion clause contains the following: "And that the street—shown on said plat is hereby dedicated to the use of the public."

In 1890, another plat covering the same property south of Jefferson avenue was recorded. This plat superimposed on this property 4 lots running north and south from Jefferson avenue to Lake St. Clair.

In 1891, another plat was recorded covering only the westerly portion of the original plat south of Jefferson avenue and contained the words "Lakeland avenue" through the middle with the designation "private way" found in the westerly section of "Lakeland avenue." The lots are numbered from 1 to 17, all lots being south of Jefferson avenue and west of Lakeland avenue. The dedication clause contains the following: "The streets and alleys shown on said plat are hereby dedicated to the use of the public." The plat extended to the shore line and indicated a flaring of lots 16 and 17.

The records of the village of Grosse Pointe at the time of the filing of the plats are incomplete and there is no written record of a formal acceptance of any dedication found in any of the plats. There was evidence introduced showing use of Lakeland avenue by the public for the purpose of hauling water and ice from the lake and for the purpose of gaining access to the lake for recreation purposes. In 1912, the village council of Grosse Pointe voted to improve Lakeland avenue with a tar-bound surface and later it was surfaced with concrete. At the present time a hedge borders the westerly curb line of Lakeland avenue separating the travelled portion from the adjacent lots. In our discussion of the issues involved in this case reference will be made to the plat of 1891 showing Lakeland avenue and the private way.

The cause came on for trial and plaintiffs urged there and on appeal that the west ½ of Lakeland

# LAKELAND

Sub of The Westerly 204 Feet or P.O. 586 South of Jefferson Ave.

### GROSSE POINTE        WAYNE CO.

### MICHIGAN

October 22ⁿᵈ 1891

EXHIBIT 2

LAKELAND
SUBDIVISION OF A PART OF P.C. 586
GROSSE POINTE
WAYNE CO.,    MICHIGAN
June 19th 1889

EXHIBIT 3

avenue was never formally dedicated by plat; that acceptance of part of a dedicated plat does not constitute acceptance of all the plat; that the claimed dedication of the disputed parcels as a part of a street from Jefferson avenue to Lake St. Clair was revoked by the subsequent conveyances and acts of the owners; that there is no evidence that the public ever used any part of the disputed lands; and that the right acquired by the public in Lakeland avenue is limited to such lands actually used by the public.

The trial court filed an opinion from which we quote:

"The records of the village of Grosse Pointe have long since disappeared, so there is no evidence of any formal acceptance of this public street by the village authorities. In view of the express dedication of the street in exhibit 3 it only becomes necessary to determine whether there has been sufficient user to create an acceptance by the public authorities.

"Plaintiffs make no claim of any rights by adverse possession; further, there is no testimony of any adverse possession or of any occupancy of any portion of this public highway for any statutory period prior to the adoption of PA 1907, No 46 (see CL 1948, § 609.1 [Stat Ann § 27.593]). Since the enactment of this act it has not been possible to obtain title against the public by adverse possession. *Arduino* v. *City of Detroit,* 249 Mich 382, 387. See, also, *Ann Arbor Lodge No. 325, Benevolent & Protective Order of Elks,* v. *City of Ann Arbor,* 242 Mich 340, 344; *Crosby* v. *City of Greenville,* 183 Mich 452, 459; *Olsen* v. *Village of Grand Beach,* 282 Mich 364, 369. * * *

"Upon the question of user it is not disputed that Lakeland avenue, as it is now constituted, is 60 feet wide from Jefferson avenue south to a point opposite lot 15. From the lot lines of the subdivision in question * * * to the paved highway was a distance of 19 feet, and there is a similar distance from

the curb line to the lot line in the adjacent subdivision to the east. The pavement itself from curb to curb is 22 feet wide. The sidewalk extends from Jefferson avenue south on both sides of the street, ending on the west side at a point about the center of lot 15. * * * Large trees are present on both sides of the street. These trees are apparently quite old, as they are very large, and they extend in a southeasterly direction toward the lake parallel to the flaring southeasterly line of lot 17.

"At the present time there is a hedge on the west side of Lakeland avenue which starts opposite lot 14, and extends close to the curb line from that point to the water, thereby enclosing and cutting off from the highway all of the parcels mentioned in the bill of complaint. There seems to be no question but what this hedge was installed by Daniel T. Crowley sometime subsequent to 1913, and he likewise installed the concrete breakwater about that same time. Apparently, from the evidence, he also filled in the portions of the property which now extend into the lake. * * *

"Considerable testimony was offered concerning the hauling of ice from the lake up to Jefferson avenue on Lakeland avenue during the winters from 1893 on. One witness, Mr. Poupard, hauled ice from 1893 to 1895, remembers the gravel road when it was first put in, and remembers the property before it was subdivided. He claims there was nothing to indicate that this was a private way in any respect. He was corroborated by Mr. Meininger, who also hauled ice thereon in 1893, and who claims that the road was sufficiently kept up so that 2 teams could pass. Mr. Chauvin used this street for entrance to the lake for fishing and hauling ice. He says about 1900 the street had a gravel top and there was no sign relating to any private way. He helped make the fill-in beyond the breakwater and his recollection goes back to about 1900. Mr. Reaume used the highway since 1904 when they hauled ice during the winter, and also hauled sand and gravel from the lake

during 1906 and 1907. In 1902 he hauled water up this street from the lake for himself and his neighbors when their wells went dry, and in the same year he hauled gravel from a ridge to Lakeland avenue and assisted in grading that street. He also assisted in removing snow from the sidewalks of the street, and says it was the only access to the lake in the village of Grosse Pointe. Mr. Chauvin testified to the use of many teams hauling ice, sand, and gravel about the turn of the century and a couple of years before that, and the continued use thereof in the years following. Between 1907 and 1910 he assisted in hauling dirt into Lakeland avenue for filling purposes, and at that time he was working for the village. About 1918 he used a snow plow to clean the sidewalks on this street, and says there was no difference between the east and west side of the street that he ever heard of. Mr. Neff, the present clerk of the defendant city, testified to the use of this street when he was a young boy delivering papers, and subsequently when he worked on the sand scows and assisted in poling and hauling ice. He says that the sidewalks were cleaned by the village from 1903 when they used horses for that purpose, and then subsequently in 1923 substituted motor equipment. He recalls a bicycle path on Lakeland avenue before they had any sidewalks which were kept clean by the village, and repairs were made to this street on both sides of the center. He produced exhibit A, which was a letter dated May 9, 1905, wherein the village notified the occupant of lot 1 to complete the sidewalk in front of that lot. Exhibit B is a petition signed by the owners on both sides of Lakeland avenue requesting the improvement of Lakeland avenue, so that people could drive to the shoreline. That was presented to the common council on October 16, 1912, was adopted, and the highway commissioner was instructed to widen and make this street passable. Other exhibits relate to the paving and assessments therefore in 1915 and 1916. Mr. Neff says that the road as constructed by the village in

1912 was of tar-bound gravel, and concrete was laid in 1918 or shortly thereafter.  *  *  *

"The foregoing testimony convinces me that there was an acceptance of this dedicated street by the improvement and paving thereof, and by public user. It is significant to me that nobody else on this street ever made any claim to any portion of this 60-foot highway from Jefferson avenue down to the property of plaintiffs.  *  *  *

"In this case plaintiff not only has failed to sustain the burden of proof, but the proof is overwhelmingly in favor of defendant's contention of improvement and user of this public highway, thereby showing acceptance by the public of the dedicated portion of Lakeland avenue including these parcels B, C, D, E and F."

The decree was entered in accordance with the opinion filed denying plaintiffs any substantial relief.

Plaintiffs appeal and urge that the west half of Lakeland avenue was never formally dedicated by plat. The trial court held that lot A of the 1889 plat, which includes most of the disputed property as appears in the 1891 plat, "was intended as a street and dedicated as such, and was never changed by the making of the 2 subsequent plats  *  *  *  insofar as the public street is concerned, except that a width of 60 feet apparently has been recognized, adopted and accepted by lot owners and public officials."

Defendants urge that, notwithstanding the holding of the trial court as to the 1889 plat, that there was a dedication of the west one half of Lakeland by the 1891 plat; that the words "private way" contained in said plat are repugnant to the dedication; and that the dedication without these words is valid.

PA 1839, No 91, as amended by PA 1887, No 309 (CL 1897, § 3373), was the platting statute in effect at the time the 1889 and 1891 plats were recorded. Section 2 of this act requires that the plat shall set

forth and describe such portion of the government survey as is intended to be platted. Platting is statutory. Under PA 1929, No 172* "private roads" were permitted in a dedicated plat.

In *Dickerson* v. *City of Detroit,* 99 Mich 498, we said there are authorities which hold that a dedication for a street with a right reserved in the owner, is a good dedication, but the condition or reservation, if inconsistent with the use for which the dedication is made, is void. In the case at bar the private way in a public street is inconsistent with the uses and purposes of a public street and therefore void. We hold that the west one half of Lakeland avenue as shown on the 1891 plat was dedicated to the public free and clear of any private ways.

Plaintiffs also urge that boundaries of the street are fixed and determined by the actual usage and cannot be extended to include land not used or serving any useful highway purpose. It is conceded by defendants that it did not offer any evidence of any formal acceptance of Lakeland avenue by the city of Grosse Pointe.

The law is clear in Michigan that the offer to dedicate contained in a plat may be accepted informally by the public through user or expenditures of public money for the repair, improvement and control of the highway. *Crosby* v. *City of Greenville,* 183 Mich 452; *Olsen* v. *Village of Grand Beach,* 282 Mich 364; *Ann Arbor Lodge No. 325, Benevolent & Protective Order of Elks,* v. *City of Ann Arbor,* 242 Mich 340; *Schurtz* v. *Wescott,* 286 Mich 691.

The trial court found as a fact that there was an acceptance of Lakeland avenue by public improvement and public user. The testimony offered as related in the opinion of the trial court amply supports his finding of fact of public use.

---

* CL 1948, § 560.1 *et seq.* (Stat Ann 26.431 *et seq.*).—REPORTER.

In *Neal* v. *Gilmore,* 141 Mich 519, 527, we said:

"It is not essential that every part of a highway should be worked in order to evidence the intention of the public authorities to accept and maintain the entire highway."

See, also, *Crosby* v. *City of Greenville, supra; Olsen* v. *Village of Grand Beach, supra.*

We conclude that the evidence establishes that the public by use and expenditure of public moneys accepted Lakeland avenue as platted in 1891 from Jefferson avenue to Lake St. Clair.

The decree of the trial court is affirmed and modified, with costs to defendants.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, CARR, and BUSHNELL, JJ., concurred.