ALLEN *v*. CITY OF MT. MORRIS

1. MUNICIPAL CORPORATIONS—STREETS AND ROADS—ACCEPTANCE—ABANDONMENT—WAIVER OF ISSUES.

Plaintiff waived his right to raise the issues of abandonment or lack of acceptance of an alley by a municipal corporation even though the municipal corporation had not exercised any authority over the alley in over 50 years, where the plaintiff allowed the municipal corporation to open the alley and install a sanitary sewer without objection.

2. BOUNDARIES — PLAT'S INACCURACIES — APPORTIONMENT — LIMITATIONS — LONG-ESTABLISHED POSSESSION — BASIS.

Long-established possession is a limitation on the apportionment of excesses or deficits in plat boundary discrepancies; the limitation is not founded on adverse possession but on the inequity of disturbing long-established occupational lines on the basis of recent surveys.

3. BOUNDARIES—MUNICIPAL CORPORATIONS—APPORTIONMENT—LONG-ESTABLISHED POSSESSION.

A municipal corporation was not allowed to apportion *pro rata* land which a survey in 1962 revealed had been dedicated

------

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 23 Am Jur 2d, Dedication § 41 *et seq.*
Dedication: time for acceptance, 66 ALR 321.
Construction or maintenance of sewers, water pipes, or the like by public authorities in roadway, street or alley as indicating dedication or acceptance thereof, 52 ALR2d 263.

to the municipal corporation in 1909, where the apportionment would have interfered with long-established occupational lines based on an inaccurate plat recorded in 1909.

Appeal from Genesee, John W. Baker, J. Submitted Division 2 April 8, 1971, at Lansing. (Docket No. 9386.)  Decided April 22, 1971.

Complaint by Mark R. Allen and Margaret E. Allen against the City of Mt. Morris for an injunction to restrain defendant from interfering with plaintiffs' property.  Judgment for defendant. Plaintiffs appeal.  Reversed and remanded for entry of a judgment granting the injunction.

*William R. McTaggart*, for plaintiffs.

*Charles A . Forrest, Jr.*, for defendant.

Before:  QUINN, P. J., and R. B. BURNS and McGREGOR, JJ.

QUINN, P. J.  By this action, plaintiffs sought to restrain defendant from interfering with their property.  The alleged interference arose when defendant notified plaintiffs to remove a fence, trees, and shrubs that obstructed a platted alley which was not opened until 1962.  From the judgment entered by the trial court, plaintiffs appeal.

Plaintiffs' property is described as the west 40 feet of lots 24 and 25 of Bray's addition to the village of Mt. Morris.  The plat of Bray's addition was approved September 13, 1909, and recorded December 24, 1909.  The streets and alleys in the plat were dedicated to the use of the public.  According to the plat, the east line of a north and south 15-foot alley was the west line of lots 24 and

25, but prior to 1962, this alley was unopened and was blocked by trees and underbrush.

Plaintiffs purchased their property in 1944, at which time it was enclosed by a fence. The record indicates this fence was erected about 1926.

For the purpose of installing a sanitary sewer, defendant opened the alley in 1962. Prior to the opening, defendant conducted a survey to locate the alley. This survey disclosed that the actual distance on the ground exceeded the measurements on the plat by approximately 5-1/2 feet. In locating the alley, the surveyor apportioned this excess equally to the property on each side of the alley. As thus located, the east line of the alley came within 1-1/2 feet of plaintiffs' house and the fence on their west line protruded into the alley about 1-3/4 feet.

The theory of plaintiffs' action was that the alley was never accepted by defendant; if accepted, it was abandoned; and that the alley defendant sought to establish was improperly located.

The record is devoid of proof that between 1909 and 1962, the defendant ordered the opening of the alley or exercised any authority over it by way of improvement or regulation. See *Tillman* v. *People* (1864), 12 Mich 401. A serious question could have been raised in 1962 with regard to acceptance within a reasonable time. No question was raised then and a sanitary sewer is now located in the alley. Any issue as to acceptance or abandonment was thus resolved. See *Olsen* v. *Village of Grand Beach* (1937), 282 Mich 364.

The issue of proper location of the alley presents a different problem. In approving the apportionment of the excess land by the surveyor in the process of locating the alley, the trial court recognized the rule of possession limitation on the apportionment doctrine, as expressed in *Anderson* v.

*Wirth* (1902), 131 Mich 183. However, the trial court distinguished *Anderson* because a municipality was involved in the case at bar, and as an individual cannot obtain rights by adverse possession against a municipality, the possession limitation was inapplicable.

This reasoning was erroneous. The possession limitation is not founded on adverse possession but rather on the inequity of disturbing long-established occupational lines on the basis of recent surveys. It can be argued that defendant recognized the latter principle by the alley it opened in 1962. The east line of that alley made a jog around the obstruction that defendant ordered plaintiffs to remove in 1968. The alley has been so used since 1962 and it remains usable in its present form, even though it is 1-3/4 feet narrower than the platted 15-foot alley.

Reversed and remanded for entry of a judgment enjoining defendant from disturbing the existing west line of plaintiffs' property with costs to plaintiffs.

All concurred.