ANN ARBOR LODGE NO. 325, BENEVOLENT AND PRO-
TECTIVE ORDER OF ELKS, *v.* CITY OF ANN ARBOR.

1. DEDICATION—ACCEPTANCE INDICATED BY IMPROVEMENTS.

    Acceptance by a municipality of an alley platted and
    dedicated is sufficient if the municipality improved it or
    otherwise indicated an intention to adopt it for public
    use; formal acceptance being unnecessary.

2. SAME — ACCEPTANCE OF ALLEY BY IMPROVEMENT OF PART —
BURDEN OF PROOF.

    Where the evidence is undisputed that by user and im-
    provements part of an alley was accepted by the city, a
    property owner claiming title to that part of the alley ad-
    joining its property has the burden of proving that there
    was no intention on the part of the city of accepting
    the entire alley.

3. HIGHWAYS AND STREETS—ALLEYS—ABANDONMENT BY NONUSER.

    An abutting property owner who wrongfully obstructed
    part of a public alley by building thereon and thus com-
    pelled the public using it to go around the obstruction,
    is in no position to claim that the public rights therein
    have been lost by nonuser.

4. ADVERSE POSSESSION—ANN ARBOR CHARTER—TITLE TO ALLEY
NOT ACQUIRED BY ADVERSE POSSESSION.

    Since a clause in the charter of the city of Ann Arbor
    precludes acquiring title to a public alley by adverse
    possession, the public rights therein are not lost because
    the city neglected to cause the removal therefrom of a
    building erected by an abutting owner, and the length
    of time the alley has been so obstructed is therefore un-
    important.

Appeal from Washtenaw; Sample (George W.), J.
Submitted January 6, 1928; resubmitted March 27,
1928.   (Docket No. 103.)   Decided April 3, 1928.
Rehearing denied June 5, 1928.

Bill by Ann Arbor Lodge No. 325, Benevolent and

¹Dedication, 18 C. J. §§ 80, 81; ²Id., 18 C. J. § 101; ³Id., 18
C. J. § 163; ⁴Adverse Possession, 2 C. J. § 465.

Protective Order of Elks of the United States of America, against the city of Ann Arbor to quiet title to land.   From a decree dismissing the bill, plaintiff appeals.   Affirmed.

*Frank B. DeVine* and *Arthur Brown,* for plaintiff.

*Roscoe O. Bonisteel* and *Victor H. Lane, Jr.,* for defendant.

MCDONALD, J.   This bill was filed for the purpose of removing a cloud from the title to the plaintiff's land.   The plaintiff owns two adjoining parcels of land in block 3 south, range 3 east, according to the recorded plat of the village of Ann Arbor, Michigan. The plat recorded in 1824 shows a 16-foot alley extending north and south through the middle of block 3 from Liberty street on the north to Williams street on the south.   About one-third of the alley in length crosses the larger parcel of the plaintiff's property.   It owns the land on both sides.   For 50 years and upwards there has stood across this alley a portion of the building now used by the plaintiff as its temple. In May, 1925, the plaintiff caused a petition to be filed with the city council of Ann Arbor for the vacation of that portion of the alley which crossed its land.   Public hearings were had.   The matter was referred to the committee on streets.   The committee reported to the council:

"That they had given this matter consideration and find that it is a question of fact regarding the matter of the use of said alley and that the questions of fact in connection therewith should be fully determined before any effort is made to determine the legal *status* of the alley as contemplated by the petitioners who have asked that the alley be closed.   The committee further feels that this is a matter which should not be determined by the common council and that the respective rights of the proponents and opponents of the closing of said alley and of the city should be determined by a court of competent jurisdiction wherein

the facts may be fully and completely ascertained and that the court can apply the law thereto. In view of this condition, we would respectfully recommend that the common council deny the petition to have the alley discontinued and vacated and leave the matter to the determination of the circuit court."

This report was adopted by the council, and the plaintiff claims that such action of the council, together with the recorded plat, constitutes a cloud upon its title. Some time subsequent to the action of the council the plaintiff filed this bill to remove the cloud from its title on the theory that no alley exists across the property because the dedication was never accepted by the municipality and the alley was not used by the public. The defendant does not claim that there was any formal acceptance of the dedication, but contends that there was an acceptance by improving and paving a portion of the alley and by public user. It further contends that the action of the common council in denying the plaintiff's petition for vacation of the alley precludes it from maintaining this suit. Two of the abutting property owners joined as plaintiffs and others were permitted to intervene as parties defendant, but as they all have since withdrawn, the complications arising from their participation in the hearing have been eliminated and need not be discussed.

The circuit judge dismissed the bill on the ground that the court was without jurisdiction to hear and to determine the matters in issue because the plaintiff had submitted them to the council and was bound by its determination. From the decree entered, the plaintiff has appealed.

As the bill should be dismissed for other reasons, we do not decide the question whether plaintiff is precluded from maintaining the suit because of the action of the council in denying the petition to vacate the alley. We prefer to dispose of the case on its merits.

The principal claim to the relief sought is that the

alley does not exist because the dedication made by recording the plat was not accepted by the city.    It is conceded that there was no formal acceptance.    It is not necessary that there should have been.    It was a sufficient acceptance of the alley as platted if the city paved and improved it or otherwise indicated an intention to adopt it for public use.

"As to what will constitute a sufficient acceptance of an offer to dedicate, it is settled in this State that it is not necessary that any formal action be taken by a municipality in order to constitute an acceptance of the highway or street, but making improvements and repairs and user thereof, or any portion thereof, are amply sufficient to constitute acceptance."    *Crosby* v. *City of Greenville,* 183 Mich. 452, 461.

The evidence is undisputed that the north portion of this alley was paved and improved.    In their brief, counsel for the plaintiff say:

"A portion of this alley had been opened and paved by the city of Ann Arbor from Liberty street south to a point somewhat north of the north line of the plaintiff's property which included about two-thirds of the length of the platted alley."

As we understand the position of counsel for the plaintiff, it is that the city accepted that portion of the alley only which it had improved; that the portion which crosses its property had not been improved or used by the public; that therefore it has not been accepted, and belongs to the plaintiff as abutting property owner.    A similar claim was made in *Crosby* v. *City of Greenville, supra,* concerning which the court said:

"It has been repeatedly held that it is not essential that every part of the highway, in length or width, should be worked and traveled in order to show the intention of the public to accept the entire highway. *Neal* v. *Gilmore,* 141 Mich. 519; *Nye* v. *Clark,* 55 Mich. 599; *White* v. *Smith,* 37 Mich. 291; also the authorities cited."

It having been shown that by user, and improvements the city had accepted a portion of the alley, the burden of proof was on the plaintiff to show that it was not intended to accept the entire alley. There is no such proof in the record. But it is argued by the plaintiff that by nonuser and abandonment the city lost its right to the public use of that portion of the alley which crosses its premises. Fifty years or more ago some of the plaintiff's predecessors in title built the building now occupied by the plaintiff. The rear portion of this building extends across the alley. Because of this encroachment the persons who used the alley were compelled to make their way around it. Having prevented the free use of the alley by this wrongful obstruction, the plaintiff is in no position to claim that the public rights have been lost by nonuser. In the bill it is alleged that title has been acquired by adverse possession, but a clause in the city charter of 1861 precludes the acquiring of title in that manner. The claim is not urged in the plaintiff's brief. There being no question of adverse possession in the case, the length of time the obstruction has existed is not important. The municipality holds the title to this alley for the use and benefit of the public, and the public right cannot be lost because the city has neglected to cause the obstruction to be removed. *Webb* v. *City of Demopolis*, 95 Ala. 116 (13 South. 289, 21 L. R. A. 62).

The dedication was in 1824, and it is impossible to show by any available evidence how soon thereafter the public made use of the alley or to what extent it was used. But we think it sufficiently appears that both by user and acceptance the public rights in the alley have been established.

The decree of the circuit court is affirmed, with costs to the defendant.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.