STANNUS, Appellant, v. HEISERMAN, et al, Respondents

(38 N. W.2d 130.)

(File No. 9023. Opinion filed June 13, 1949.)

Rehearing Granted Aug. 19, 1949.

**Smiley & Clark,** Belle Fourche, for Appellant.
**Clinton G. Richards,** Deadwood for Respondents.

SMITH, P.J. Plaintiff's complaint prays for an injunction restraining defendant from using a described road-was located in part on plaintiff's property situated in Lawernce and Butte Counties. The trial court, after trial, dismissed plaintiff's complaint on the merits on the ground that the evidence established an implied dedication of the roadway in question to public use. The appeal by plaintiff presents the question whether the evidence is sufficient to support an inference of implied dedication of the road as a public way.

 It is settled that "In an implied common-law dedication, it is necessary that there should be an appropriation of land by the owner to public use by some act or course of conduct from which the law will imply such an intent." Mason v. City of Sioux Falls, 2 S. D. 640, 51 N. W. 770, 773, 39 Am. St. Rep. 802. And that "Conduct on the part of the owner that is clearly expressive of an intention to dedicate usually amounts to dedication, if acted upon by the public in a manner which clearly justifies the inference of an acceptance." Larson v. Chicago, M. & St. P. Ry. Co., 19 S. D. 284, 103 N. W. 35, 37. To prevent the establishment of highways on public and private lands by user, the legislature enacted Ch. 100, Laws of 1893, reading as follows: "The continued use of any road or way heretofore traveled or which shall hereinafter be traveled by the public across any of the public lands belonging to the state, or across the land of any private person, or upon and parallel to the right-of-way of any railroad company in this state, shall not be deemed to have constituted such road or way a legal highway, or a charge upon the town in which the same is situated; and no rights or benefits shall inure to the public or any individual by the use thereof."

This statute has been re-enacted by our successive revisions and appears in substance as SDC 28.0104. Predicated thereon, this court has held that mere user will not support an inference of implied dedication. Roche Realty & Investment Company v. Highlands Company, 29 S. D. 169, 135 N. W. 684; First Church of Christ, Scientist, v. Revell et al., 68 S. D. 377, 2 N. W.2d 674 and Lacey v. Judge, 68 S. D. 394, 3 N. W.2d 115 "* * * what amounts to a dedication by implication depends upon the facts of the particular case, and no hard and fast rule can be laid down as a guide for the courts", Evans et al. v. City of Brookings, 41 S. D. 225, 170 N. W. 133, 134.

The facts are not in dispute. The parties own adjoining ties ranches in the valley of Red Water Creek in Lawrence and Butte Counties. The roadway in question follows a somewhat irregular north and south course along a half mile of boundary line between eighty-acre tracts of the

parties. Red Water winds across the south forty of both of these tracts from west to east. The ranch buildings of both parties are on the north side of the creek. The roadway leaves a gravel highway along the south side of the section, enters a gate in plaintiff's pasture at about the boundary line, swings east around a slough, returns to the quarterline, crosses the bridge over the creek and then continues north to where one branch turns west through a gate to defendants' buildings and another branch leads northeast to plaintiff's buildings. For more than forty years traffic to and from the homes of the respective parties and points south of the creek has traveled this road. North of the buildings of the parties and paralleling the creek a power company maintains a canal. On occasions throughout the years, employees of the power company have come through this road to reach the canal and at times it has hauled construction material through there. Occasionally a neighbor immediately east or west has come through that way for some special reason. Although the court did not determine the exact location of the road, it appears that the bridge and some portion of the road overlaps the described common boundary line.

Following an unfortunate, and perhaps now much regretted, quarrel over unclosed gates, plaintiff brought this action to exclude defendants from his property.

The first picture of the road revealed by the record is as it appeared in 1903. The Calhoun brothers then owned the east eighty now owned by plaintiff and "Yankee" Reed owned the west eighty now owned by defendant. The bridge across the creek was dilapidated and was used mostly for foot passage, but a road or trail extended from the buildings on the east eighty to and across the bridge and to the south through the pasture of a neighbor to the south on down what was known as Chicken Creek road. The east and west highway along the south side of the section had not been graded or opened and was little used. There was then a bridge across the creek on the west eighty now owned by defendants. Therefore this roadway was seldom used by the then owner Yankee Reed. Red Water then formed a loop to the south in the Yankee Reed south forty

and he maintained a road extending from his buildings south into this loop and across a bridge he had constructed across the creek at the bottom of the loop. His road led out across the fields of the neighbors to the south and west. The then owners of plaintiff's ranch forded the creek if driving a light rig, but traveled the Yankee Reed road and bridge if the had a load to transport to or from the south.

In either 1903 or 1904 Red Water, while in flood, cut across the opening of the loop on the Yankee Reed ranch and left him without a bridge. Thereafter, in 1905, Mr. Cory, who had acquired plaintiff's ranch, with the assistance of an employee of Yankee Reed, erected a bridge in the location of the present bridge, and since that time the roadway in question has served in the manner and to the extent we have described.

Plaintiff acquired his property in 1918. Some fifteen years later, the neighbors to the south closed the trails he had been traveling. Thereupon he appeared before the Board of Commissioners of Lawrence County and induced them to open and gravel the highway along the south side of the section line. The graveled road so constructed serves no other purpose other than to connect the roadway we are considering with the public highway system.

Plaintiff testified that he had rebuilt the bridge several times. In 1944 it became unsafe. Red Water forms the boundary line between Lawrence and Butte counties. Plaintiff and defendants sought aid from both counties in replacing it. Butte County refused. Later defendants induced one Nelson, a commissioner of Lawrence County, to furnish two stringers which were used by plaintiff and defendant in the work of reconstruction. They then raised and strengthened the supports and shared in the cost of a new plank deck. Later during that year the maintainer who worked gravel road along the south side of the section was induced to come inside the gate of plaintiff's pasture and spend about two hours in smoothing and grading the south end of this roadway.

Aside from this described aid by Lawrence County in 1944, the public has never supplied either labor or material

in the maintenance of this road. The road has been maintained by plaintiff and his predecessors in interest with the assistance of defendant and his predecessors.

Mr. Cory, who rebuilt the bridge in 1905, was a witness at the trial. He was asked whether it was with his consent that Yankee Reed used the road and he answered, "There was never anything mentioned about roads at that time. Every one went where they pleased up and down the valley." Plaintiff and his predecessors were aware of the use made of the road. There is no testimony indicating that anybody received or sought express permission to travel that way.

We do not share the view of the trial court that these facts support an inference either that the owners of plaintiff's property intended to dedicate this roadway to public use, or that the public accepted such a dedication.

■ This road was established and maintained within the fences of the pasture of this ranch to serve the vital private interests of its owners. Because there has been acquiescence in its user by an adjoining owner, and by some others, does not in our opinion manifest an intention to yield it to public use. The authorities cited therein support the text of 26 C. J. S., Dedication, § 19, p. 74, in stating, "Where the proprietor of land constructs a road over it for his own convenience, the mere user thereof by the public, by sufferance of the proprietor, no matter how long continued, will not show a dedication of the way to the public use nor vest any right in the public to the way." And it was to prevent such mere user and acquiescence therein from ripening into public rights and burdens that SDC 28.0104 was adopted. Roche Realty & Investment Company v. Highlands, supra. Hence we dismiss the described user as a separate determinative factor from further consideraiton.

■ In connection with the described user and plaintiff's acquiescence therein, other facts are urged as warranting an inference by the trier of the fact of both dedication and acceptance. The fact that the public, at the request of the plaintiff-owner, and at a considerable expense, in about

1933, graded, graveled, and opened the highway along the south section line as a connecting link between this roadway and the highway system is put forward. Point is made of the fact that in 1944 plaintiff sought aid from the governing bodies of both Lawrence and Butte Counties in rebuilding the bridge, and later received from Lawrence County and installed in the bridge two stringers, and further received at the expense of that county two hours of grading and smoothing on the south end of this roadway. It is noteworthy, and revealing, that the construction work and maintenance by the County of Lawrence has always stopped short at the gateway to plaintiff's pasture and this road. It is made plain that plaintiff's request to the two boards of commissioners for aid in rebuilding the bridge in 1944 went unheeded. The record is that thereafter the defendant prevailed on Commissioner Nelson of Lawrence County to furnish the two stringers, and that he was sufficiently concerned over exceeding his authority, that he cautioned defendant if it ever got out he would lose the election. The maintainer who came inside the gate to grade and smooth a segment of this road testified that he had been told he could do it if he wanted to, and that he did it as a matter of accommodation. He received a pint of whiskey for the favor. To our minds these facts, even when viewed in the light of the described user, are much to equivocal to support an inference of dedication.

In First Church of Christ, Scientist, v. Revell et al., supra, we quoted with approval the words of the North Dakota court in Cole et al. v. Minnesota Loan & Trust Co. et al., 17 N. D. 409, 117 N. W. 354, 359, 17 Ann. Cas. 304, as follows: "* * * the acts and declarations relied on to show a dedication should be unequivocal and decisive, manifesting a positive and unmistakable intention, on the part of the owner, to permanently abandon his property to the specific public use. If they are equivocal, or do not clearly and plainly indicate his intention to permanently abandon the property to the public, they are not sufficient to establish a dedication. The intention to dedicate must clearly appear, though such intention may be shown by deed, by words,

or acts. If by words, the words must be unequivocal, and without ambiguity. If by acts, they must be such acts as are inconsistent with any construction, except the assent to such dedication." The principle thus pronounced is applicable here. We therefore hold that in drawing an inference of implied dedication to a public use of this roadway, the learned trial court erred.

The judgment of the trial court is reversed.

All the Judges concur.