ELIAS BROTHERS, INC., *v.* CITY OF HAZEL PARK.

1. ADVERSE POSSESSION—PUBLIC RIGHTS-OF-WAY.
    Private rights may not be acquired in public rights-of-way by adverse possession or prescription (CLS 1961, § 600.5821).

2. DEDICATION—ACCEPTANCE.
    A dedication is an appropriation of land to some public use, made by the owner of the fee, and accepted for such use by or in behalf of the public.

3. SAME—ACCEPTANCE BY USER AND IMPROVEMENT OF PART.
    It is not essential that every part of a highway in length or width should be worked, improved and traveled, in order to show the intent of the public to accept a dedication.

4. SAME—ACCEPTANCE—IMPROVEMENT AS REQUIRED BY PUBLIC.
    Unless the offer to dedicate is withdrawn, a street may be opened and used at the discretion of the public authorities as public necessity may require and it is not necessary to an acceptance that every street should be forthwith opened when platted.

5. SAME—ABANDONMENT—BURDEN OF PROOF.
    The burden of proving abandonment of a dedication is on the party asserting it.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur 2d, Adverse Possession § 205.
  Acquisition by adverse possession or use of public property held by municipal or other governmental unit otherwise than for streets, alleys, parks, or common. 55 ALR2d 554.
[2] 16 Am Jur, Dedication § 2.
[3] 16 Am Jur, Dedication §§ 30, 31, 34, 35.
[4] 16 Am Jur, Dedication § 42.
[5, 7] 16 Am Jur, Dedication §§ 65, 75.
[6] 16 Am Jur, Dedication § 65.
[8] 34 Am Jur, Limitation of Actions §§ 187, 397.
[9] 37 Am Jur, Municipal Corporations §§ 177, 178.
  16 Am Jur 2d, Constitutional Law § 141.
[10] 37 Am Jur, Municipal Corporations §§ 177, 178.

6. SAME—ABANDONMENT.
An abandonment of a dedication occurs only when the use for
which the property was dedicated wholly fails.

7. SAME—STREET USE—ABANDONMENT—BURDEN OF PROOF.
Plaintiff owners of drive-in restaurant premises which extended
into right-of-way of public street *held*, not to have sustained
burden of proof that city had abandoned any part of right-
of-way dedicated for use as a public street when plat was
filed.

8. LIMITATION OF ACTIONS—MUNICIPAL CORPORATIONS—STREETS—EX-
EMPTIONS.
A city which had not abandoned any part of right-of-way that
had been dedicated for use as a public street when plat was
filed is entitled to protection of exemption from statute of lim-
itations in actions pertaining to the possession of public rights-
of-way (CLS 1961, § 600.5821).

9. MUNICIPAL CORPORATIONS—ORDINANCES—PRESUMPTIONS.
A presumption prevails in favor of the reasonableness and va-
lidity in all particulars of a municipal ordinance unless the
contrary is shown by competent evidence or appears on the
face of the enactment.

10. SAME — ORDINANCES — PRESUMPTION OF VALIDITY — ENCROACH-
MENTS ON PUBLIC RIGHTS-OF-WAY.
Municipal ordinances which penalized defined encroachments on
public rights-of-way and which prohibited display of goods,
wares, or signs of any description on public property and which
would require installation of sidewalk upon property hitherto oc-
cupied as part of property devoted to plaintiffs' drive-in res-
taurant *held*, not shown to have been unreasonable and dis-
criminatory, the burden of overcoming presumption of validity
not having been sustained (Hazel Park Ordinances Nos 238,
321).

Appeal from Oakland; Ziem (Fred C.), J. Sub-
mitted Division 2 January 14, 1965, at Lansing.
(Docket No. 237.) Decided March 15, 1965.

Complaint by Elias Brothers, Incorporated, a
Michigan corporation, and Fred Elias, Louis Elias,
and John Elias, doing business as Elias Brothers
Realty Company, against the City of Hazel Park, a

municipal corporation, Carl Thom, individually and as mayor of the City of Hazel Park, Vance Fouts, individually and as city manager of the City of Hazel Park, and Paul Marvin, individually and as chief of police of the City of Hazel Park, asking an injunction restraining the enforcement of certain city ordinances. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Bashara & Bashara (George N. Bashara, Jr.*, and *William L. Coash*, of counsel), for plaintiffs.

*John Katsoulos*, for defendants.

McGREGOR, J. The plaintiffs in this case are Elias Brothers, Inc., which has been operating a drive-in restaurant at the corner of East Eight Mile road and Merrill street in the city of Hazel Park, Michigan, and Fred Elias, Louis Elias and John Elias, who, acting in partnership, leased this real estate to the plaintiff restaurant corporation. The parking lot which the customers of this restaurant business have been using for the 17-year period overlaps the plaintiffs' platted property line and extends into a portion of Merrill street, a thoroughfare. Although the area between the property line and the west edge of the existing thoroughfare, referred to as Merrill street, was included in the original highway plat, the plaintiff corporation has marked off 12 parking spots on it out of a total of 60 parking places at this restaurant.

In 1962, the city of Hazel Park began to take steps to prevent the plaintiffs' continued use of this same piece of land. Ordinance No 238, dated May 1, 1958, which was signed by Louis Elias (who was then mayor of the city of Hazel Park and now a plaintiff herein) defined encroachments on public rights-of-

way, and provided penalties for its violation. On July 23, 1962, the Hazel Park city council amended Ordinance No 238, by means of Ordinance No 321. Nowhere in the record presented on appeal is either ordinance recited. The defendants allege that Ordinance No 321 amended the earlier ordinance by expanding its scope to prohibit the display of goods, wares, or signs of any description on any public property. The plaintiffs allege that the new ordinance would require the defendant city to install a sidewalk upon the piece of property in question.

Prior to the action taken in 1962, the defendant city had never taken any official action to reduce the area in question to exclusive public use or possession. Other businesses in that same area have used and are continuing to use public right-of-way directly adjacent to public highways as parking areas for their customers. One of these businesses is located directly across Merrill street from the Elias Brothers restaurant.

Also presented in the record is an item taken from the minutes of the city of Hazel Park, dated July 24, 1961:

"Mayor Elias pointed out that back about 15 years ago, before any other business was there besides theirs, and the area was all swamp, it was agreed that if they black-topped and paved, they would be allowed to park cars there."

On September 10, 1962, the plaintiffs instituted a civil action in the circuit court for the county of Oakland, requesting an injunction against the enforcement of these ordinances. Plaintiffs claim they have acquired an easement by prescription in the dedicated property that was platted for public use, but not yet actually utilized for that purpose. The plaintiffs also claim that the ordinance is unconsti-

tutional, because it is discriminatory and unreasonable.

The first problem is whether the following statutory provision applies:

"Actions brought by any municipal corporations for the recovery of the possession of any public highway, street, alley, or any other public ground, are not subject to the periods of limitations." CLS 1961, § 600.5821(2) (Stat Ann 1962 Rev § 27A.5821).

In *Rindone* v. *Corey Community Church* (1952), 335 Mich 311, 316, similar language was construed as forbidding the acquisition of private rights in public rights-of-way by adverse possession or prescription.

The term "dedication" is defined in *Alton* v. *Meeuwenberg* (1896), 108 Mich 629, 634, as:

"An appropriation of land to some public use, made by the owner of the fee, and accepted for such use by or in behalf of the public."

In this matter, part of the right-of-way, as platted, is actually used as a thoroughfare. In *Olsen* v. *Village of Grand Beach* (1937), 282 Mich 364, 372, it is stated:

"It is not essential that every part of a highway in length or width should be worked, improved or travelled, in order to show the intent of the public to accept a dedication. * * * So far as the public is concerned, unless the offer to dedicate is withdrawn, the street may be opened and used at the discretion of the public authorities, as public necessity may require, and it is not necessary to an acceptance that every street should be forthwith opened when platted." (Authority cited.)

In the instant case, the right-of-way in question was formally dedicated by the filing of plats and the

greater portion of it is actually used as a public street.

The rule on abandonment is laid down in *Kirchen v. Remenga* (1939), 291 Mich 94, 113:

"The burden of proving abandonment is upon the party asserting it and abandonment occurs only when the use for which the property is dedicated wholly fails."

The plaintiffs have not sustained the burden of proving that the city of Hazel Park has abandoned any portion of the Merrill street right-of-way. The defendant city is entitled to the protection of the statutory section which exempts it from the statute of limitations in actions pertaining to the possession of public rights-of-way.

The statement attributed to Louis Elias, as recorded in the Hazel Park city minutes for July 24, 1961, is convincing evidence that the use of the property in question by the plaintiff was not intended to have any adverse effect upon the rights of the city, and that the city officials themselves were led to believe that no permanent alteration of the public right-of-way was going to take place.

Are the ordinances of the city of Hazel Park, Nos 238 and 321, unconstitutional because they are unreasonable and discriminatory? The principle stated in *Harrigan & Reid Company v. Burton* (1923), 224 Mich 564, 569 (33 ALR 142), is applicable:

"The generally accepted rule is that a presumption prevails in favor of the reasonableness and validity in all particulars of a municipal ordinance, unless the contrary is shown by competent evidence, or appears upon the face of the enactment."

The plaintiffs have not sustained the burden of overcoming the presumption of validity of the municipal ordinances.

The judgment of the trial court in dismissing the plaintiffs' cause of action is affirmed, with costs.

T. G. KAVANAGH, P. J., and QUINN, J., concurred.