MILLER v. DEPARTMENT OF STATE HIGHWAYS

1. DEDICATION—HIGHWAYS—ACCEPTANCE OF DEDICATION—EVIDENCE.
   Acceptance of property dedicated for public highway use is manifested by some formal act of confirmation of the dedication by the public authorities and ordering the opening of the highway or by exercising authority over it through some manner of improvement or regulation.

2. DEDICATION — ACCEPTANCE OF DEDICATION — REASONABLE TIME — BASIS.
   Whether there has been acceptance within a reasonable time of property dedicated for public use must be determined by a consideration of the facts of each case.

3. DEDICATION—STREETS—ACCEPTANCE OF DEDICATION—REASONABLE TIME—OPENING.
   A street dedicated to public use need not be opened at the time it is platted in order for the acceptance of the dedication to be

REFERENCES FOR POINTS IN HEADNOTES

[1] 23 Am Jur 2d, Dedication §§ 42, 50–52, 59.
[2–4] 23 Am Jur 2d, Dedication § 49.
Dedication: time for acceptance. 66 ALR 321.
[5] 23 Am Jur 2d, Dedication §§ 42, 50–52, 59.
[5, 6] Dedication: acceptance of some of streets, alleys, and the like appearing on plat as acceptance of all. 32 ALR2d 953.
[6] 3 Am Jur 2d, Adverse Possession § 208.
[7] 28 Am Jur 2d, Estoppel and Waiver § 26 et seq.

within a reasonable time, because the street may be opened and used at the discretion of the public authority as public necessity may require.

4. DEDICATION—HIGHWAYS—ACCEPTANCE OF DEDICATION—REASONABLE TIME—APPEAL AND ERROR.

Finding that plaintiffs failed to prove that an 1855 dedication of property for public highways was not accepted or was not timely accepted was not such as to require reversal where the evidence showed that the records of the accepting public authority had been destroyed by fire, thus providing no evidence of formal acceptance, and in 1927 the concerned county road commission constructed a two-lane highway within the property dedicated.

5. DEDICATION—HIGHWAYS—ACCEPTANCE OF DEDICATION—UNUSED PORTIONS—INTENT TO ACCEPT.

Every portion of a highway dedicated to public use need not be traveled upon in order to show the intention of the public authorities to accept the entire highway dedication.

6. ADVERSE POSSESSION—DEDICATED HIGHWAYS—UNUSED PORTION.

Plaintiffs did not have title to land by adverse possession even though their buildings encroached on the unused portion of a dedicated right-of-way where a state highway, built within a part of the right-of-way, had existed before the plaintiffs had purchased their properties, the plaintiffs' possession of the unused portion was based on the mistaken belief that the unused portion was their land, not based on an intent to take dedicated land, and where a statute provides that no encroachments on a dedicated public highway shall give the encroacher any title to any area within the width of the dedication (MCLA § 247.190).

7. PROPERTY—ACQUIRING TITLE—ESTOPPEL—EQUITABLE ESTOPPEL.

Equitable estoppel is not favored as a means of taking title to land.

Appeal from Newaygo, Harold Van Domelen, J. Submitted Division 3 December 10, 1970, at Grand Rapids. (Docket No. 8949.) Decided January 22, 1971. Leave to appeal denied May 19, 1971, 384 Mich 842.

Complaint by Oliver W. Miller, Margaret Miller, George Vollmer, and Margaret Vollmer against the

Department of State Highways for damages and for ejectment. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Alexis J. Rogoski,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *Thomas J. Giachino,* Assistant Attorneys General, for defendant.

Before: FITZGERALD, P. J., and QUINN and McINTYRE,* JJ.

FITZGERALD, P. J. The present appeal arises out of an ejectment action commenced in March of 1967 against the Department of State Highways alleging a claim of superior title and possessory rights to a certain portion of land used by defendant in the construction of a state highway known as M–37.

In order to comply with the requirements of GCR 1963, 754.2, plaintiffs amended their complaint to set forth their claim of title to the disputed area by adverse possession. In answer, defendant alleged superior title based upon dedication of the land for highway construction. The matter was tried without a jury on November 13, 1969, and on January 23, 1970, a judgment of no cause of action was entered. Plaintiffs now appeal from the judgment and opinion of the trial court.

The facts which are essential to reaching a determination in this matter are as follows:

A plat of the Village of Newaygo was recorded on March 5, 1855, pursuant to statutory requirements. The plat contained a right-of-way 66 feet wide known as "Adams Street" which had been set

---

* Circuit judge, sitting on the Court of Appeals by assignment.

aside and dedicated for public highways. Unfortunately, many of the early records of the Village of Newaygo were destroyed in a fire, hence there is no evidence of a formal acceptance of the Adams Street dedication by village authorities.

In 1927, the Newaygo County Road Commission, acting upon state highway plans, constructed a two-lane highway within the dimensions of the Adams Street dedication which became part of what is known as M-37. Prior to the construction of the new highway, the Adams Street area was vacant land with a single-lane roadway extending to a local gravel pit. When M-37 was laid out, its centerline did not coincide with the centerline of the original 66-foot-wide dedication. Thus, the new road only occupied a portion of the dedicated right-of-way. When measured from the eastern limits of the dedication, there existed approximately nine feet between the road edge and the western boundary limits which was not utilized.

Plaintiffs Vollmer are successors in title to land originally owned by Walter Ottinger. Around 1933 Ottinger erected a service station on lots 4 and 5 of Block 12 of the area known as Brown's Addition which was platted and added to the Village of Newaygo in 1872. The western boundary line of Adams Street as recorded in 1855 was used in 1872 to plat Brown's Addition to the Village of Newaygo. Therefore, the eastern limits of the Ottinger property bordered on the western line of the Adams Street dedication. In constructing the service station, Ottinger measured 33 feet from the centerline of the existing pavement of M-37 and installed his gasoline pumps. Since the centerline of M-37 was not the true center of the Adams Street dedication, the pumps and tanks encroached upon the western boundary of the dedication.

In 1937, plaintiffs Miller, owners of lots 6 and 7 and the easterly half of lot 8 of Block 12 in Brown's Addition, also erected a gasoline service station adjacent to the existing M–37. The Millers erected their gasoline pumps by measuring 33 feet from the centerline of M–37 and were accordingly within the western limits of the dedication.

These encroachments remained undiscovered until the late 1950's when defendant began surveying and planning for the widening of M–37. The proposed plans called for an expansion of the right-of-way to a width of 100 feet. In 1957, defendant condemned and purchased additional land measured from the eastern boundary limits of the Adams Street dedication. In 1964, when actual construction was commenced, plaintiffs were notified that their respective encroaching gasoline pumps must be removed. The Millers demolished their service station and built a new facility out of the widened roadway. The Vollmers discontinued their business and their pumps were accordingly removed to make way for the expanded highway. All of the parties now allege monetary loss.

With these facts in mind, this Court now proceeds to a consideration of whether Adams Street as it appears in the plat of 1855 was a dedicated and accepted right-of-way for highway use. Plaintiffs now contend, as they did below, that the platted dedication of Adams Street was not timely accepted. While the parties agree that grants purporting to convey land for public use must be accepted to perfect the dedication, the present issue seemingly rests on when and how such acceptance occurred. Citing such cases as *Elias Brothers, Inc.*, v. *City of Hazel Park* (1965), 1 Mich App 30; *West Michigan Park Association* v. *Department of Conservation* (1966), 2 Mich App 254; *Vance* v. *Village of Pewamo*

(1910), 161 Mich 528; *Ann Arbor Lodge No. 325, BPOE* v. *City of Ann Arbor* (1928), 242 Mich 340, and others which hold that the burden of demonstrating such non-acceptance or lack of timeliness rests upon the parties asserting it, the trial court ruled that plaintiffs failed to meet this burden.

It is well established that acceptance is manifested either by some formal act of confirmation of the dedication by the public authorities and ordering the opening of the street or by exercising authority over it through some manner of improvement or regulation. *Tillman* v. *People* (1864), 12 Mich 401. Acceptance within a reasonable time is determined by a consideration of the facts of the individual case. *Baker* v. *Johnston* (1870), 21 Mich 319; *White* v. *Smith* (1877), 37 Mich 291. Furthermore, a street need not be opened at the time it is platted, for it may be opened and used at the discretion of public authorities as public necessity may require. *Elias Brothers, Inc., supra.*

Plaintiffs have relied upon several cases to persuade this Court that the acceptance of the Adams Street dedication was unreasonably delayed and, therefore, invalid. The trial court heard the evidence and on the basis of the facts concluded that plaintiffs had failed to prove either a nonacceptance or an unreasonable delay in accepting the Adams Street dedication. This Court will not substitute its judgment on factual questions in a non-jury case for that of the trial court unless the facts clearly indicate that an opposite result should have been reached. *Bradshaw* v. *Blaine* (1965), 1 Mich App 50.

The next assignment of error is whether the portion of the dedicated right-of-way where the encroachments were ordered removed had been abandoned or vacated by non-use, thus giving plaintiffs superior possessory rights to the area in question

by adverse possession. Plaintiffs contend that failure to accept a dedication within a reasonable time causes the land so dedicated to revert to the abutting owners. They aver that even if construction of the M–37 highway served as an implied acceptance, the remaining strip of land not used in 1927, and now the subject of this dispute, had not been accepted. Defendant's position, which was adopted by the trial court, is that the construction of M–37 on the Adams Street dedication was an acceptance of the entire area so dedicated.

Plaintiffs' argument is without merit, for it is well established that it is not necessary that every portion of a highway be traveled upon in order to show the intention of the public authorities is to accept the entire highway dedication. *Neal* v. *Gilmore* (1905), 141 Mich 519, and *Pulleyblank* v. *Mason County Road Commission* (1957), 350 Mich 223.

Plaintiffs further aver that the disputed portion of land is theirs through adverse possession. Such an argument cannot be upheld, for as the trial court observed, M–37 existed before either of the plaintiffs purchased their respective properties. In addition, it is clear that neither of the parties intended to take the land platted for Adams Street and it was so taken and held only as a result of mistakenly believing that the center of the existing road was the true center of the original dedication. Thus, lacking the necessary elements, their argument for adverse possession must fall. A further review of the matter discloses MCLA § 247.190 (Stat Ann 1958 Rev § 9.270), which provides:

"Sec. 20. All public highways for which the right of way has at any time been dedicated, given or purchased, shall be and remain a highway of the width so dedicated, given or purchased, and no

encroachments by fences, buildings or otherwise which may have been made since the purchase, dedication or gift nor any encroachments which were within the limits of such right of way at the time of such purchase, dedication or gift, and no encroachments which may hereafter be made, shall give the party or parties, firm or corporation so encroaching, any title or right to the land so encroached upon."

Thus, in view of the above statute and its application to the facts of the present case, the state's use and acceptance of the dedication prevented acquisition of the unused portion by the subsequent encroachments of the parties.

Finally, plaintiffs allege that the state was estopped to claim title since the land was long used under the acquiescence of Department of State Highway officials. This argument also lacks merit, for equitable estoppel as a means of taking title is not favored in Michigan. *Olsen* v. *Village of Grand Beach* (1937), 282 Mich 364; *Kirchen* v. *Remenga* (1939), 291 Mich 94.

Affirmed. No costs, a public question.

All concurred.