James HALEY and Ann Haley, Plaintiffs and Respondents,

v.

CITY OF RAPID CITY, a Municipal Corporation, and Clifford Nall, Defendants and Appellants.

Nos. 12373, 12374.

Supreme Court of South Dakota.

Argued June 7, 1978.

Decided Aug. 10, 1978.

Joseph M. Butler, of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for plaintiffs and respondents.

Robert R. Jackson, Asst. City Atty., Rapid City, for defendant and appellant, City of Rapid City.

Autine Hansen, Rapid City, for defendant and appellant, Clifford Nall.

WOLLMAN, Justice.

The trial court entered a judgment that enjoined the city of Rapid City from opening an alley and that decreed that the alley is not a public way. The judgment also enjoined Clifford Nall from utilizing the alley. Both defendants have appealed. We reverse.

James and Ann Haley (respondents) are owners of a residential lot in Block 39, West Boulevard Addition, in the city of Rapid City. An alley borders respondents' property. This dispute centers around a forty foot section of that alley. In 1975, appellant Nall acquired property abutting the segment of the alley that had always been open to traffic. Appellant city in October 1976 passed a resolution declaring the alley open and authorizing its improvement. When Nall attempted to use the alley as access to St. James Street, respondents brought the present action against Nall and the city.

The alley in question is described as a "T" alley. The disputed forty feet is that segment of the alley (the base of the "T") which opens onto St. James Street. The record shows that the entire alley was graveled prior to 1943. In that year the city installed curbs and sidewalks along St. James Street. When the curbing was installed, an entryway was constructed to facilitate vehicular use of the alley. The newly installed sidewalk was some twelve inches above the level of the alley and the adjoining lots. As a result of this obstruction, the alley was no longer passable. Respondents' predecessor in interest caused dirt to be hauled onto the lot and brought his property and the alleyway up to grade. Sometime during the late 1950's respondents' predecessor in interest, with the owner of adjoining Lot No. 22, seeded the now unused portion of the alley to grass, and an underground sprinkler system was installed. From the time these changes were made until appellant successfully petitioned the city to declare the entire alley open, there was no attempted vehicular use of this portion of the alleyway.

Although the public has not recently used the alley as a roadway, for many years the entire alley has been used for underground passage of various public utilities. These utilities have used the alleyway under a municipal franchise without benefit of easements from any adjoining property owners. No one has paid taxes upon the land in question and none of the deeds to the adjoining lots could be construed to include the land in question. Respondents have recently requested reimbursement from the city for the water they used in caring for the grass respondents' predecessor planted in the alley. Within the past two years, respondents have unsuccessfully petitioned the city to vacate the alleyway.

Although the trial court found that the residences constructed on the lots abutting the alley were inconsistent with the original plat of Block 39 and inconsistent with the existence of the alley, the plat dictated neither number nor placement of buildings on the described lots. Neither the plat nor the city ordinances restricted the original lot owners from subdividing the large lots into several small plots. We conclude, therefore, that the plat alone is insufficient evidence upon which to base a determination that the city has or has not ac-

cepted or abandoned the public interests held in trust under the terms of SDCL 11–3–12.[1]

■ Respondents argue that for the public to assert a long unused right of traverse it must be shown that the public has accepted the offer to dedicate extended by a plat. The record clearly shows, however, that here such acceptance has occurred. The virtually unanimous rule is that if the public has accepted part of a street or alley it has accepted all of that street or alley. *Ann Arbor Lodge No. 325 v. City of Ann Arbor,* 242 Mich. 340, 218 N.W. 805; *Zempel v. Butler,* 17 Ill.2d 434, 161 N.E.2d 818; 23 Am.Jur.2d, Dedication § 48; 32 A.L.R.2d 953. Here it is admitted that at least two-thirds of the alley is used as such every day. Moreover, respondents' predecessor in interest testified that the entire alley was graveled prior to 1943. We have adopted the rule that acceptance of a dedication may be shown through use. *Tinaglia v. Ittzes,* S.D., 257 N.W.2d 724; *Edmunds v. Plianos,* 74 S.D. 260, 51 N.W.2d 701; *Larson v. Chicago, M. & St. P. Ry. Co.,* 19 S.D. 284, 103 N.W. 35.[2] Notwithstanding the fact that the public has not used the disputed portion of the alley for vehicular traffic in recent years, we conclude that the utilization of the alley by utilities under a franchise from the city, the graveling of the entire alley by the city, the provision in the curb for ingress and egress, and the refusal of the city to vacate the alley constitute sufficient evidence of the acceptance of the dedication. *Evans v. City of Brookings,* 41 S.D. 225, 170 N.W. 133.

■ In 1949, the legislature enacted what is now SDCL 11–6–33, which provides:

> The approval of a plat by the council shall not be deemed to constitute or effect an acceptance by the municipality or public of the dedication of any street or other ground shown on the plat.

The statute does not purport to divest the public of the fee simple title conferred under SDCL 11–3–12 in a situation in which a dedication of property extended by means of a duly recorded plat has been accepted by the public.

■ The rule has long been established in this state that having once been lawfully established a public way can be vacated or abandoned only by some lawful method and that the burden of proof is on one obstructing a lawfully established public way to show vacation or abandonment. *Lowe v. East Sioux Falls Quarry Co.,* 25 S.D. 393, 126 N.W. 609. Respondents have not met this burden.

■ The trial court concluded that the city was estopped from claiming the disputed portion of the dedicated alley as a public way. We are of the opinion that the trial court erred in so ruling.

In *City of Rapid City v. Hoogterp,* 85 S.D. 176, 179 N.W.2d 15, we refused to allow an estoppel against the city, saying,

> [E]stoppels against the public are little favored and should be used sparingly. They are applied against municipal corporations with caution and only when exceptional circumstances demand their application to prevent manifest injustice.

1. SDCL 11–3–12 provides:
   When the plat or map shall have been made out, certified, acknowledged, and recorded as provided in this chapter, every donation or grant to the public, or any individual, religious society, corporation, or body politic, marked or noted as such on such plat or map, shall be deemed a sufficient conveyance to vest the fee simple title of all such parcel or parcels of land as are therein expressed, and shall be considered to all intents and purposes a general warranty against the donor, his heirs, and representatives, to the donee or grantee, his heirs or representatives, for the uses and purposes therein expressed and intended, and no other use and purpose whatever. The land intended to be used for the streets, alleys, ways, commons, or other public uses shall be held in trust to and for the uses and purposes expressed or intended.

2. The South Dakota cases suggesting that acceptance may not be shown through use deal with unplatted land in rural settings. *Brusseau v. McBride,* S.D., 245 N.W.2d 488; *Stannus v. Heiserman,* 72 S.D. 567, 38 N.W.2d 130; *Lacey v. Judge,* 68 S.D. 394, 3 N.W.2d 115. These cases follow SDCL 31–3–2, which is not applicable here. *Roche Realty & Investment Co. v. Highlands Co.,* 29 S.D. 169, 135 N.W. 684.

31 C.J.S. Estoppel § 141; 28 Am.Jur.2d, Estoppel & Waiver, § 129. The burden of establishing that such exceptional circumstances are present is on the party seeking the protection of the doctrine.

.    .    .    .    .

More than municipal acquiescence in an obstruction should be required to give rise to an estoppel when the matter involved is a street easement in which the public has a vested interest. 85 S.D. at 179, 179 N.W.2d at 17.

See also *City of Winner v. Lineback,* 86 S.D. 165, 192 N.W.2d 705; *Northwestern Public Service Co. v. City of Aberdeen,* S.D., 244 N.W.2d 544. We conclude that the evidence presented by respondents falls short of establishing the exceptional circumstances required for the application of the doctrine of estoppel against the city.

The judgment is reversed.

All the Justices concur.